UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY PARISH,

    Petitioner,

v.     CAUSE NO.: 3:18CV220-PPS/MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Anthony Parish, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary hearing where a hearing officer found him guilty of Possession of a Cellular Communications Device in violation of Indiana Department of Correction offense code A-121. ECF 2 at 1; ECF 13-9. Parish was docked 120 days of earned credit time and demoted from Credit Class 1 to Credit Class 2 as a result. ECF 13-9.

Parish raises three grounds for relief. Though they are worded differently, both Grounds One and Three assert there was insufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some

factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here are the relevant facts. A search of Parish's cell was conducted on April 4, 2017. ECF 13-1. The conduct report documenting the search states:

> While inspecting property belonging to ofd. Parrish [sic], Anthony #166842 N-427, I noticed the hairbrush appeared to be altered. Upon further inspection the brush was found to be altered and contained a cellular communication device. Near the same area where the phone was found a coca butter tube was also found that contained a 16 Gb memory device. Both of the items were found in a hygiene tote labeled with Parrish's [sic] information on his bed area.

*Id.* The cell phone and memory device were confiscated (ECF 13-2), photographs of each were taken (ECF 13-3), and the evidence was logged and delivered to an evidence locker by the guard on the same day the search was conducted (ECF 13-4). Parish was charged with Possession of a Cellular Communications Device in violation of offense code A-121 which prohibits the "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary Process, Appendix I: Offenses. http://www.in.gov/idoc/files/02-04-

2

101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last visited March 6, 2019). In this context, "possession" is defined as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, bed and bedding materials in his/her housing assignment and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

The Disciplinary Code for Adult Offenders. https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last visited March 6, 2019).

Based on the evidence presented, it was not unreasonable or arbitrary for the hearing officer to have concluded that Parish was guilty of Possession of a Cellular Device. The conduct report—written by a guard who helped perform the search—indicates that a cell phone was found hidden within Parish's personal items on or near his bed, which clearly falls within the definition of possession noted above. *See McPherson*, 188 F.3d at 786 (a conduct report alone is enough evidence to support a finding of guilt). In addition, a photograph of the confiscated cell phone was taken contemporaneous to the search, and it was later submitted at the hearing and reviewed by the hearing officer along with the cell phone itself. While Parish argues that a photograph of the tote case mentioned in the conduct report should also have been taken, a factual basis for Parish's guilt exists without it. *Id*. Moreover, although

prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 556; s*ee also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007) (noting that IDOC policy applies only to preexisting evidence and citing *Freitas* with approval).

Finally, Parish's argument that there was insufficient evidence to find him guilty because an unknown person could have planted the contraband in his cell while he was in segregation is unavailing. Not only is it speculative, but it conflicts with IDOC's definition of possession which presumes that offenders are responsible for any property located within their cell or within areas of their housing. The fact that Parish was placed in segregation the day before the search occurred and his property was left "unattended" does not, without more, render Parish incapable of possessing the items left behind in his cell. And in any event, even when multiple inmates have control over a space, an offender can be found to have constructive possession of contraband. *See Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (finding "some evidence" of a prisoner's possession of a weapon found in a cell shared with three other inmates); *see also Quintanilla v. O'Brien*, 127 Fed. Appx. 887, 889 (7th Cir. 2005) (finding that, although petitioner's cell door was kept unlocked during the daytime and was potentially accessible by 240 other inmates, it would be "unreasonable to ascribe an equal probability of guilt to the entire prison population" absent evidence that other prisoners

4

had entered his cell). The hearing officer considered Parish's argument that he was in segregation when the search was conducted but determined that Parish was guilty of possessing the cell phone based on the conduct report and the photographs that existed. ECF 13-9. In sum, there is plainly "some evidence" of Parish's guilt in the record. *Webb*, 224 F.3d at 652.

In Ground Two, Parish argues that he was denied due process because his "contact visits were taken from him for 6 months but this punishment was never written down at DHB on his sanction form." ECF 2 at 2. He claims that he was not notified of this punishment until weeks after the disciplinary hearing had concluded. *Id*. A "contact visit" is defined as "[a] visit in which the offender and visitor(s) are not physically separated." Policy and Administrative Procedure Manual: Offender Visitation. https://www.in.gov/idoc/files/02-01-102%20OFFENDER%20VISITATION%20EFF%2010-01-16.pdf (last visited March 6, 2019). Even assuming Parish's allegations are true, the restrictions related to his visitation privileges did not lengthen the duration of his confinement, so he cannot challenge those restrictions in a habeas corpus proceeding. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *see also Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (sanctions such as administrative segregation, loss of visitation privileges, and loss of a prison job do not implicate a prisoner's liberty interests and cannot form a basis for habeas relief).

If Parish wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*,

569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

ACCORDINGLY:

Anthony Parish's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on March 8, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT